UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GERALD PATRICK VAN PATTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:11-CV-73 PS |
| vs. ) | |
| ) | |
| ALLEN COUNTY JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Gerald Patrick Van Patten, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Van Patten complains about a number of conditions at the Allen County Jail.[1] First, he complains that the walls, railings, and showers in his cell block were "covered with mold." (DE 1 at 3.) He claims that as a result of coming into contact with the mold he developed a staph infection on his upper body, which necessitated antibiotics and caused him permanent scars. He claims that he filed a grievance about the mold but the issue was not remedied. Instead, he claims that after he filed the grievance Officer Lemish came and told him he had to clean the showers. When Van Patten asked him why he had to clean the showers, he was told that it was because of his grievance. Officer Lemish allegedly stated that his shift commander, Lieutenant Odinger, made the decision to have Van Patten clean the showers, and that Lieutenant Odinger told Officer Lemish to take Van Patten "to the hole" if he failed to comply. (*Id.* at 3-4.)

Because Van Patten was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473-74 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. In evaluating a conditions of confinement claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation or condition is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Under this standard,

---

[1] Van Patten was transferred to Pendleton Correctional Facility shortly after this action was filed. (*See* DE 5.)

inmates are entitled to be provided with adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). If the conditions pass the objective inquiry, courts then must determine whether the prison official acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Van Patten's allegations regarding the mold, taken as true, satisfy the objective prong of the inquiry. Specifically, he alleges that he was housed on a cell block with an excessive amount of mold, which gave him an infection necessitating medication and resulting in permanent scarring. With respect to the subjective prong, the complaint alleges that Lieutenant Odinger was made aware of the mold problem on the cell block, but he did not address the issue other than to force Van Patten to clean the showers as punishment for his complaining. Giving Van Patten the inferences to which he is entitled at this stage, he has stated enough to proceed on a Fourteenth Amendment conditions of confinement claim against Lieutenant Odinger.[2]

Van Patten's allegations can also be read to allege a violation of his First Amendment rights. Under the First Amendment, correctional officials cannot retaliate against a prisoner for filing a non-frivolous grievance. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Walker v.*

---

[2] Van Patten does not name Officer Lemish as a defendant. (*See* DE 1 at 2.)

*Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A prisoner can state a First Amendment retaliation claim by alleging that he engaged in protected activity, that he suffered retaliation as a result, and that the defendant retaliated in a manner likely to deter future First Amendment activity. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). It is sufficient that the inmate allege a chronology of events from which retaliation can be inferred. *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000). Here, Van Patten alleges that he filed a grievance over a serious mold problem on his cell block, and that as punishment Lieutenant Odinger forced him to clean the showers, which had not been cleaned in more than three weeks. (DE 1 at 3-4.) It can be inferred that this was a dirty, unpleasant task likely to deter complaints from inmates in the future. Giving Van Patten the inferences to which he is entitled at this stage, he has alleged a First Amendment retaliation claim against Lieutenant Odinger.

Van Patten next complains about the food at the jail, specifically, that it was often served cold. (DE 1 at 4.) This fails to state a constitutional claim, as inmates are entitled to adequate food but not to food that is tasty, hot, or even appetizing. *Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Although Van Patten alleges in general terms that he suspects the food trays did not have "enough calories," he does not provide any detail about the type of food he was served or explain why he believes the food was inadequate. (*See* DE 1 at 4.) He also does not allege any type of injury in connection with this claim. Van Patten has not alleged a plausible constitutional claim regarding inadequate food at the jail.

Van Patten next complains about the staff at the jail, specifically, that the nurses ignore certain inmates' medical complaints and that the guards sometimes leave their posts to take

4

cigarette breaks. (DE 1 at 4, 5.) At most these allegations describe conditions posing a *potential* risk of harm to inmates' health and safety, and an inmate cannot recover under the Eighth Amendment for the "mere failure to prevent exposure to a risk of harm." *Henderson v. Sheahan*, 196 F.3d 839, 848 (7th Cir. 1999). Van Patten does not allege, nor can it be plausibly inferred from the complaint, that he was denied adequate medical care; instead his allegations show that he was provided medical treatment for the staph infection he developed.[3] (DE 1 at 3.) Similarly, he does not allege that he suffered an injury as a result of the guards' practice of leaving their posts, and he is longer at risk of being harmed since he was transferred to a different correctional facility several months ago. While these allegations may describe practices at the jail that are unsafe or unwise, they fail to state a plausible constitutional claim for which Van Patten is entitled to compensation.

Next, Van Patten alleges that he was not provided with adequate recreational opportunities. (DE 1 at 5.) Inmates are entitled to adequate recreation, and the Eighth Amendment may be violated if correctional officials "deny a prisoner all opportunity for exercise outside his cell." *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). Here, Van Patten's complaint makes clear that he was given regular access to a recreation room where he could walk for exercise. (DE 1 at 5.) Although he apparently did not like the guards' practice of directing the inmates to walk even when they did not want to, his allegations do not amount to

---

[3] In addition to failing to state a claim for the denial of medical care, Van Patten also does not name a viable defendant in connection with a medical claim. Instead of naming an individual defendant he names "Allen County Jail Medical," which is not a suable entity under state law. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (in Indiana only counties, municipalities, townships, and other entities listed in IND. CODE § 36-1-2-10 have the capacity to sue or be sued for constitutional violations).

the type of severe deprivation that would state a constitutional claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1995) (only extreme and prolonged situations where all movement is denied will amount to a constitutional violation).

Next, Van Patten complains that he was not permitted to stand near or look out the windows, which he believes violated his right to adequate sunlight. (DE 1 at 5.) Although inmates are entitled to adequate shelter, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates should not expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988). Van Patten does not allege, nor can it be plausibly inferred from the complaint, that the jail was unduly dark or that he was deprived of all natural light. He also does not allege that he suffered a medical problem or other type of injury from a lack of sunlight. The fact that he could not look out the window when he wished to does not amount to a constitutional deprivation. *See Boyd v. Anderson*, 265 F. Supp.2d 952, 966 (N.D. Ind. 2003) (inmate's allegation that he was deprived of direct sunlight failed to state a constitutional claim).

As a final matter, Van Patten names Jail Commander Frank Hart, Sheriff Ken Fries, and the Allen County Board of Commissioners as defendants, without any specific allegations about their role in these events. Instead, he appears to be trying to hold these defendants liable under a *respondeat superior* theory as officials who oversee operations at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, however, and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, these defendants will be dismissed. Van Patten also names the jail itself as a defendant, but this is a building, not a person or even a policy-making body that

6

can be sued for constitutional violations under 42 U.S.C. § 1983. Accordingly, the jail will also be dismissed as a defendant.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed on a claim against Lieutenant Odinger in his individual capacity for compensatory damages for housing him in a cell block containing an excessive amount of mold in violation of the Fourteenth Amendment;

(2) **GRANTS** the plaintiff leave to proceed on a claim against Lieutenant Odinger in his individual capacity for compensatory damages for retaliating against him after he filed a grievance complaining about the mold in violation of the First Amendment;

(3) **DISMISSES** the Allen County Jail, Ken Fries, the Board of County Commissioners, Frank Hart, and Allen County Jail Medical;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Lieutenant Odinger; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Lieutenant Odinger respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

ENTERED: October 11, 2011.   /s/ Philip P. Simon
                              Philip P. Simon, Chief Judge
                              United States District Court